**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
FILED
FEB 1 0 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| GERTRUDE ISAAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **11 0352** |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges, generally, that the defendants have tortured and harassed her, thus creating "an environment in which [she] cannot survive as a human being but as a symbolic

animal: a puppy." Compl. at 3. Among other allegations, plaintiff asserts that defendants Demetrius and Emma Stroud conspired to take her children away by making her "appear [to be] a child molester, a dope addict, a prostitute, in other words, an unfit mother." *Id.* at 4. According to plaintiff, the Strouds' intention is "to slowly kill [her] for [her] children and [her] estate," with her "uterus [as] the target prize." *Id.* at 7-8. Plaintiff further alleges that the United States and other defendants torture her, for example, by openly discussing her sex life, *id.* at 9, sabotaging her in the workplace, *id.* at 11, stalking and bullying her, *id.* at 12, and by discriminating against her on the basis of her national origin, *id.* at 13-14. Plaintiff demands injunctive relief and $225 million in damages, among other relief. *Id.* at 15.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE: 1/24/11